## LANYON v. EDWARDS et al.[1]

### (Circuit Court of Appeals, Fifth Circuit. February 2, 1897.)

### No. 545.

CONSPIRACY AND COLLUSION—TRESPASS.

A petition in an action for alleged conspiracy and collusion, from which it appeared that the acts complained of as trespasses were committed by defendants in the execution of the judgment of a state court and in enforcing a valid mortgage, *held* not sufficient to state a cause of action.

In Error to the Circuit Court of the United States for the Western District of Texas.

W. H. Brooks, for plaintiff in error.
H. P. Drought, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges.

[1] Petition for rehearing denied April 14, 1897.

PARDEE, Circuit Judge. This is an action brought by the plaintiff in error against the defendants in error for alleged conspiracy and collusion. The prayer for relief is as follows:

"Plaintiff prays citation to issue in due form to defendants (if same has not already been done) to answer this petition and cause of complaint, and that on final hearing thereof plaintiff have and recover judgment of defendants for the various sums and amounts sued for herein, and for all costs, and for special and general relief, and to be restored to his proper rights in the possession of his estate, or, in the alternative, have judgment for his several causes of damage, as set forth in this petition."

The second amended original petition on which this prayer for relief is based is voluminous in immaterial, if not irrelevant, history, is redundant in conclusions of law and of fact, and is deficient in specific facts sufficient to constitute a cause of action. As well as we can understand the petition, the plaintiff seeks to recover for damages to real estate and for the conversion of personal property, resulting from, as alleged, the conspiracy, collusion, force, and fraud of the defendants in prosecuting and procuring a certain judgment to be rendered against him in the state court, and in obtaining the possession by assignment of a certain mortgage bearing on petitioner's lands, but conceded to be due and owing, which judgment and mortgage the defendants caused to be enforced through seizure of the petitioner's lands and personal property, to the injury of the lands and the loss of the personal property.

The most effective attempt at reciting the facts in relation to his claim is the following paragraph from his petition:

"That to further harass and persecute the plaintiff the said defendants, Edwards and Brought, by collusion, force, and fraud, did seek to oust plaintiff from his rightful and lawful possession of said lands and personal property as aforesaid; did institute suit, or cause said suit to be instituted, in the 45th district court of Bexar county, Texas, on the —— day of ——, 1890, to harass and persecute plaintiff, and did so of the 4th day of November, 1892, by force, fraud, and collusion, and by means of undue local influence on the jury, or some of the jurors, trying the said cause in the 45th district court of Bexar county, Texas, by having one of the jurors, named O. P. Coch, to remonstrate with one of the witnesses sworn for plaintiff, viz. A. W. Smith, that he had given in his estimate of the value of the land too low, which remonstrance was given while the jury were considering of their verdict; and by sundry acts of collusion and of fraud not known to plaintiff did further carry on said suit in the 45th district court of Bexar county, Texas; and by and together with such acts of collusion and fraud did procure a judgment in said 45th district court of Bexar county, Texas, on the 4th day of November, 1892, against the plaintiff for nine thousand nine hundred and ninety-three ($9,993.63) dollars and sixty-three cents."

The facts actually stated in the petition with reference to the trespass to the lands and the conversion of the personal property, while perhaps sufficient to warrant an action for damages, yet clearly appear by the context to have been acts committed by the defendants in the execution of the judgment of the state court, and in enforcing the mortgage above referred to. To the second amended original petition the circuit court sustained a general exception and 11 special exceptions and, as the plaintiff declined to further amend, dismissed the suit. The petitioner below sued out this writ of error, and assigned for our consideration the following:

"The court erred in sustaining defendant's general exception and defendant's eleven special exceptions to plaintiff's second amended original petition filed herein, and dismissing said cause, and rendering judgment final against the plaintiff."

We have given careful consideration to the brief filed by the learned counsel for the plaintiff in error, and have considered in the most favorable light the plaintiff's second amended original petition, but we do not find reversible error in the ruling assigned, nor any error patent on the face of the record. The judgment of the circuit court is therefore affirmed.